SAVOIE, Judge.
This is a tort action brought by Victor A. Naquin, plaintiff, pursuant to 46 U.S.C. § 688, commonly known as the Jones Act, against defendants, Chromalloy American Corp. (Chromalloy), his employer, and Travelers Insurance Company, its insurer. The trial court ruled in favor of plaintiff and defendants appeal.
On February 2, 1982, plaintiff was involved in a one-vehicle accident while a passenger in a 1981 Chevrolet van driven by Mr. George Arthur, an employee of Chromalloy. It is undisputed that the accident was caused by the negligent operation of the vehicle by Mr. Arthur. The record shows that the van involved in the accident was regularly provided by Chromalloy to transport its employees between Houma, Louisiana, and Cameron, Louisiana, where its vessels were docked and where crew changes were made. At the time of the accident, plaintiff had completed his tour of duty as captain of one of Chromalloy’s supply vessels and he and his crew members were returning to Houma from Cameron in the van. Plaintiff had to turn in some paperwork from his shift to his immediate supervisor at Chromalloy’s office in Houma. Mr. Arthur, who was assigned to one of Chromalloy’s other vessels, was to pick up groceries for his vessel in Houma and return the van to Cameron for the next crew change.
The trial court found that plaintiff was acting in the course of his employment and held that he was entitled to recover under the Jones Act for his injuries. The trial court made a general damage award of one hundred fifty thousand dollars ($150,-000.00) for cervical and lumbar injuries, forty-one thousand four hundred seventy-nine dollars and six cents ($41,479.06) for lost wages and benefits, and one hundred five thousand four hundred three dollars and thirteen cents ($105,403.13) for future lost wages and benefits.
Defendants appeal raising the following specifications of error;
1. The trial court committed error in finding that plaintiff was a Jones Act seaman in the course of the ship’s services at the time of his automobile accident.
2. The trial court was clearly wrong in awarding plaintiff future lost wages.
3. The trial court was clearly wrong in awarding future lost wages from the day of the accident until the day of trial and in awarding future meal costs to the plaintiff.
ASSIGNMENT OF ERROR NO. 1
Defendants initially contend that the trial court erred in finding that plaintiff was a Jones Act seaman “in the course of the ship’s services at the time of the accident.” Defendants base their argument on the grounds that the driver of the van, Mr. Arthur, was not a member of the crew of plaintiff’s vessel and further, that when plaintiff and Mr. Arthur “left their respective ships, they left the services of those vessels and were not engaging in any activities in connection with the operation or navigation of the subject vessels.” We find this argument without merit.
The Jones Act, 46 U.S.C. § 688, provides in pertinent part that;
[a]ny seaman who shall suffer personal injury in the course of his employment may, ... maintain an action for damages at law, ... and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.... (Emphasis ours).
The Jones Act incorporates the standards of the Federal Employer’s Liability Act, 45 U.S.C. § 51,[1] et seq., which renders an em *1035 ployer liable for the injuries negligently inflicted on its employees by its “officers, agents, or employees.” Portier v. Texaco, Inc., 426 So.2d 623 (La.App. 1st Cir.1982), writs denied, 433 So.2d 165 (1983). The statute merely requires negligence of a co-employee and does not restrict the action to negligence of members of the crew of the same vessel to which the injured seaman is assigned. Therefore, we find that the fact that plaintiff and Mr. Arthur worked aboard different vessels owned by defendant does not defeat plaintiffs right of recovery.
The test is not whether the seaman was engaged in “any activities in connection with the operation or navigation” of the vessel, or whether the injury occurred on navigable waters. Rather the test is whether the seaman was injured by negligence while “in the course of his employment.” Braen v. Pfeifer Oil Transportation Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959). The statute does not require that his tasks be related to service of the ship and, the seaman may recover under the Jones Act even for injuries received while he is on shore. Guidry v. South Louisiana Contractors, Inc., 614 F.2d 447, 453 (5th Cir.1980); and cases cited therein.
The record clearly establishes the fact that plaintiff and Mr. Arthur were acting in the course of their employment. Plaintiff was returning from work in a van regularly provided by Chromalloy to turn in paperwork to his supervisor at Chromal-loy’s office in Houma and Mr. Arthur was supposed to buy groceries in Houma for his vessel and return the van to Cameron. When transportation to and from work aboard a vessel is supplied by the employer in the employer’s interests, the employee is engaged in the course of his employment during the period of transportation. Vincent v. Harvey Well Service, 441 F.2d 146 (5th Cir.1971). The court in Braen, supra at 148, stated that a seaman is plainly in the “course of his employment” if “at the time of the injury, ... he was doing the work of his employer pursuant to his employer’s orders.”
Accordingly, defendants’ assignment of error Number One is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendants next contest the trial court’s award of future lost wages. Specifically, defendants argue that plaintiff was no longer employable due to his pre-ex-isting physical condition and age after July 1982, when Chromalloy decommissioned or sold the vessels upon which plaintiff worked and laid off all of the crews including plaintiff. We find no merit in this argument.
Defendants introduced considerable evidence in an attempt to prove that plaintiff was unemployable before the accident and would not have been able to find work after being laid off. However, it is undis-putable that plaintiff was, in fact, employed by defendant at the time of the accident and was considered a good worker. The trial court correctly held that “[t]he court cannot speculate that plaintiff would have been unable to find work if he had been laid off had the accident not occurred.” Defendant’s argument ignores the fact that plaintiff was working at the *1036 time of the accident and therefore, had actual earning capacity.
Appellate review of a Jones Act case is governed by Rule 52(a) of the Federal Rules of Civil Procedure which generally provides that the trial court’s findings of fact cannot be disturbed unless they are clearly erroneous. Portier, supra. We cannot say that the trial court was clearly erroneous in finding that plaintiff suffered a loss of future wages due to the accident.
ASSIGNMENT OF ERROR NO. 3
Finally, defendants contend that the trial court was clearly wrong in awarding future lost wages from the day of the accident until the day of trial and in awarding future meal costs to the plaintiff. We find defendants’ argument without merit.
Defendants assert that the trial court’s award of seventeen dollars ($17.00) per day for lost meal benefits was inappropriate because the evidence shows that the cost to Chromalloy of those meals was only eight dollars and seventeen cents ($8.17) per day. However, this cost figure represented only the cost of the groceries and did not include the cost of labor and other costs involved in preparing the meals. More importantly, as the primary objective is to restore plaintiff, as nearly as possible, to his status immediately prior to the accident, we find that the proper measure of the loss of benefits to plaintiff is their value to him, not their cost to defendant. Based on the evidence in the record the trial court was justified in accepting the $17.00 per day estimate for the value of the meals.
Defendants further argue that the trial court’s award of $36,360.64 for plaintiff’s lost wages between the day of the accident and the day of trial was “entirely too high.” The basis of their argument is that no adjustment was made for the fact that plaintiff was continued on full wages until April of 1983. Such was not the case. The record clearly shows that Dr. Goodman, plaintiff’s expert, calculated plaintiff’s lost earnings for 1983 based on projected future income then subtracted plaintiff’s actual 1983 earnings from his calculation. Thus, the adjustment referred to by defendant was in fact made.
Under federal law, the trial court has great latitude in awarding damages, and its judgment will not be set aside unless the award is clearly erroneous. Goodpasture, Inc. v. M/V Polluk, 688 F.2d 1003 (5th Cir.1982), cert. denied, 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (U.S.1983). Accordingly, we find the trial court’s award of damages for loss of wages and benefits based on a work life expectancy of 4.1 years to be reasonable and within its great latitude.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be born by defendants-appellants.
AFFIRMED.

. § 51. Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence; definition of employees
Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia or any of the States or Territories and *1035 any foreign nation or nations shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee’s parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of the chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of the chapter.
Apr. 22, 1908, c. 149, § 1, 35 Stat. 65; Aug. 11, 1939, c. 685, § 1, Stat. 1404.